Ross, Respondent, vs. CROSBY, Appellant.

*February 12—March 10, 1925.*

*Work and labor: Quantum meruit: Oral contract relating to compensation: Basis of recovery.*

In an action to recover the reasonable value of services rendered by the plaintiff as woods foreman for the defendant, it appeared from the uncontradicted testimony of the plaintiff, as substantially found by the jury, that the plaintiff was working under an oral contract whereby he was to receive a designated price for getting out logs. The court erred, therefore, in awarding judgment on the basis of *quantum meruit*, and the judgment is reversed with directions to take an accounting of the amount due the plaintiff under the oral contract.

APPEAL from a judgment of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Reversed, with directions.*

Action to recover the reasonable value of services rendered by the plaintiff as woods foreman for the defendant at his special instance and request. The defendant admits that the services were rendered, but claims that they were performed under a certain written contract which the defendant entered into with the plaintiff and not otherwise. One Clark acted on behalf of the defendant, and he claims that on or about the 2d or 3d day of August, 1923, he entered into a written contract with the plaintiff wherein the plaintiff agreed to put in the green timber at $5.50 per

thousand. Other timber was to be logged, but as there is no dispute as to the price per thousand that is omitted from this statement. Clark claims that the contract was not signed by the plaintiff because he had a judgment against him and he did not wish his judgment creditors to be able to collect through this contract; therefore it was agreed, defendant claims, that his brother, Robert Ross, should sign the contract on behalf of the plaintiff and that he did so sign it. The written contract with the signature of Robert Ross was received in evidence. Plaintiff and his brother Robert deny that the written contract was entered into on behalf of the plaintiff. Robert.Ross said that he signed the contract because the defendant asked him to. The plaintiff claims that his brother's signature was not put on the contract on his behalf. Both the plaintiff and his brother testified that at the time the signature of Robert Ross was put upon the written contract it was agreed between the plaintiff and Clark on behalf of the defendant that instead of receiving only $5.50 per thousand feet for the green logs the price should be what other jobbers were getting in that neighborhood. And it was further agreed that this amount should be paid and that a written contract evidencing the agreement should be later entered into. Inasmuch as there was a claim on the part of the defendant that the services performed were rendered under the written contract signed by Robert Ross, and it was claimed by the plaintiff that the services were performed under an oral agreement, which was afterwards to be reduced to writing, providing for $8 per thousand as plaintiff claims, the court submitted this question to the jury: "Was it agreed by and between *Harry C. Ross* and D. P. Clark, August 2d or 3d, that Mr. Clark would furnish a contract in writing to *Harry C. Ross* wherein the defendant *C. P. Crosby* would agree to pay to *Harry C. Ross* $3 per cord for pulp wood, $5 per thousand for the skidding and decking of the logs already cut, and $8 per thousand for logs to be cut and skidded from the

green timber?"   To which the jury answered "Yes."   Upon
the coming in of this answer the court awarded judgment
to the plaintiff, not upon the basis of the oral contract which
he claims he entered into, but for the reasonable value of
the services rendered, which were found to be $125 per
month.   From a judgment entered accordingly the defend-
ant appealed.

*Charles F. Smith, Jr.,* of Rhinelander, for the appellant.

For the respondent there was a brief by *Classon, Whit-
comb & Kuzenski* of Oconto, and oral argument by *A. J.
Whitcomb.*

VINJE, C. J.   It may be a subject of doubt whether the
finding of the jury negatived the claim that a written con-
tract was entered into by and through the signature of
plaintiff's brother.   Such a contract may have been made
and yet at the same time an agreement for a different con-
tract to be executed later may also have been made.   But
since both parties are of the view that the finding of the jury
to the effect that an oral agreement was entered into differ-
ent from the written contract negatived the execution of
the written contract, we will let the matter rest there.   It is
apparent from a perusal of the testimony that the question
submitted is not exactly in accordance with it.   The ques-
tion submitted finds that an agreement was made to make
a written contract in the future.   The testimony is to the
effect that the oral agreement was then presently made that
the green timber should be put in at $8 per thousand and
that a written contract to that effect would thereafter be
executed.   In view of this testimony, which is uncontra-
dicted, it must be held that upon plaintiff's testimony an
oral agreement was entered into to pay $8 per thousand for
the green logs.   The plaintiff testified as follows:

"I said I was to get the same as the other jobber was
getting about one and one-half miles from my camp in re-
gard to green logs.   The agreement then was $3 per cord

for the pulp; $5 per thousand feet to pick up and skid the scattered logs now lying in the woods; and for the green logs I was to get what another jobber was getting near me. . . . At that time I knew that the other jobber had been getting $8 per thousand feet for the green timber."

He further testified: "When I started on the green timber cutting I relied upon Mr. Clark's statement made in August that I would receive the same as the other jobber was getting for the green logs."

It is apparent from this testimony, if the plaintiff is to be believed, that he entered into an oral agreement, which was subsequently to be reduced to writing, to the effect that he should be paid $8 for the green logs instead of $5.50 as provided for in the contract signed by his brother. This being so, the court erred in allowing the plaintiff to recover upon a *quantum meruit* for the services rendered. It appears by this testimony, as substantially found by the jury, that he was working under an oral contract and not acting as foreman for the defendant. The court should have taken an accounting and found out how much, if any, the defendant owed the plaintiff upon the basis of the oral agreement testified to and found by the jury, instead of allowing him to recover monthly wages for the services rendered. For this reason the judgment must be reversed, and the cause remanded with directions to take an accounting upon the basis that the services were performed under the oral contract testified to by the plaintiff and found by the jury to exist, and render judgment for plaintiff for such sum as may be found due him under the contract so established by the testimony.

*By the Court.*—It is so ordered.